**EM LTD., Plaintiff–Appellant,**

v.

**The REPUBLIC OF ARGENTINA, Defendant–Appellee,**

NML Capital, Ltd., Plaintiff–Appellant,

v.

Republic of Argentina, Defendant–Appellee.

Nos. 05–1525–CV(L), 05–1642–CV ETC., 05–1543–CV(L), 05–1544–CV(CON).

United States Court of Appeals, Second Circuit.

May 13, 2005.

David W. Rivkin, Debevoise & Plimpton, LLP, New York, N.Y., for Appellant.

Charles Fried, Cambridge, Mass., for Appellant.

Jonathan I. Blackman, Cleary, Gottlieb Steen & Hamilton LLP, New York, N.Y., for Appellee.

Present: NEWMAN, McLAUGHLIN, and HALL, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the orders of the District Court is AFFIRMED.

This Order concerns expedited appeals from the March 29, 2005, orders of the District Court vacating a restraining notice in No. 05–1525 and vacating an order of attachment in No. 05–1543. The restraining notice had been obtained by Plaintiff–Appellant EM Ltd. in aid of its judgment for approximately $700 million against the Defendant–Appellee Republic of Argentina ("Argentina"). *See EM Ltd. v. Republic of Argentina,* 382 F.3d 291 (2d Cir.2004). The order of attachment had been obtained by Plaintiff–Appellant NML Capital, Ltd. in aid of its suit against Argentina for principal and interest with respect to more than $170 million of Argentina bonds. The vacation of the orders of restraint and attachment are sufficiently in the nature of the denial of an injunction to give this Court appellate jurisdiction. *See* 28 U.S.C. § 1292(a)(1); *United States v. All Assets of Statewide Auto Parts, Inc.,* 971 F.2d 896, 901 (2d Cir.1992).

The restraining notice was issued pursuant to Fed.R.Civ.P. 69, which authorizes process to enforce judgments in accordance with "the practice and procedure of the state in which the district court is held." To enforce a money judgment, New York law provides for the issuance of a restraining notice, which "may" be issued under specified circumstances following specified procedures. *See* N.Y. C.P.L.R. § 5222 (McKinney 2004). The attachment

was issued pursuant to Fed.R.Civ.P. 64, which authorizes prejudgment remedies "under the circumstances and in the manner provided by the law of the state in which the district court is held." N.Y. C.P.L.R. § 6201 specifies the circumstances under which an attachment "may" be issued. The applicable state law procedures are discretionary remedies. *See, e.g., Bank of China, New York Branch v. NBM L.L.C.,* 192 F.Supp.2d 183, 186 (S.D.N.Y.2002) (attachment).

The remedies sought to attach and restrain the disposition of what the creditors regard as property of Argentina in connection with a restructuring of Argentina's public debt to be accomplished through an issuance of new bonds in exchange for a tender of more than $60 billion of old bonds. The "property" is initially claimed to be Argentina's right to receive the tendered old bonds and then claimed to be the tendered bonds themselves at the precise instant when they are surrendered to Argentina for cancellation and issuance of the new bonds.

The parties have disputed a number of issues including whether the tendered bonds can be regarded as assets or debts of Argentina and whether Argentina is impermissibly trying to defeat the collection efforts of the Plaintiffs–Appellants by using the threat of a failure of the debt restructuring to fend off the restraint and attachment remedies.

The District Court provided the following sufficient and dispositive reason for vacating the restraint and attachment:

> If these attachments [and restraints] are still in effect, we throw into doubt, to say the least, the conclusion of the exchange offer.

*NML Capital Ltd. v. Republic of Argentina,* No. 02 Civ. 3804, 2005 WL 743086, at *3 (S.D.N.Y. March 31, 2005). Exercising discretion with respect to pre- and post-judgment remedies, the District Court acted well within its authority to vacate the remedies in order to avoid a substantial risk to the successful conclusion of the debt restructuring. That restructuring is obviously of critical importance to the economic health of a nation.

We conclude that it is unnecessary to rule definitively on any of the legal issues disputed by the parties. Even if the District Court's view on some of those issues was wrong, this is not a situation where the Court's exercise of discretion rested on an arguably incorrect view of the law. As we understand the District Court, its ultimate conclusion was that it would be an inappropriate exercise of the Court's discretionary authority to leave in place pre- and post-judgment remedies that the Court reasonably believed posed a risk to the completion of the debt restructuring. The District Court declined to use its discretionary authority in a manner that would entail such a risk, and we will not disturb the Court's exercise of its discretion.

The orders vacating the orders of restraint and attachment are affirmed. The motion to certify the District Court's ruling for appeal pursuant to 28 U.S.C. § 1292(b) is denied as moot.